IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **JATIVA MICHELLE TIPTON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**FRANKLIN INSURANCE GROUP, INC.**, a Texas corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff JaTiva Michelle Tipton ("Plaintiff Tipton" or "Tipton") brings this Class Action Complaint and Demand for Jury Trial against Defendant Franklin Insurance Group, Inc., ("Defendant" or "Franklin Insurance") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls *without consent* to consumers who registered their phone numbers on the National Do Not Call Registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff JaTiva Michelle Tipton is a resident of Braunfels, Texas.

2. Defendant Franklin Insurance is a Texas corporation headquartered in San Antonio, Texas. Defendant Franklin Insurance conducts business throughout this District, Texas and the U.S.

**JURISDICTION AND VENUE**

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since the Defendant resides in this District and directed the calls to Plaintiff from here.

**INTRODUCTION**

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in March 2022 alone, at a rate of 140.8 million calls per day. www.robocallindex.com (last visited April 3, 2022).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16. Defendant Franklin Insurance is an insurance agency owned and controlled by Jay Franklin, an Allstate Insurance Agent and conducts business under the agent's name, Jay Franklin.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://agents.allstate.com/jay-franklin-san-antonio-tx.html

17. Defendant Franklin Insurance makes unsolicited telemarketing calls to consumers who are registered on the DNC.

18. To make matters worse, Defendant Franklin Insurance continues to place calls to consumers even after they have explicitly told Franklin Insurance to stop calling.

## PLAINTIFF TIPTON'S ALLEGATIONS

19. Plaintiff Tipton registered her cell phone number on the DNC on November 17, 2020.

20. Plaintiff's cell phone number is not associated with a business and is used for personal use only.

21. In or around November 2021, Plaintiff started receiving multiple unsolicited phone calls from Defendant Franklin Insurance using the phone number 210-571-7030 almost every day.

22. During the calls that the Plaintiff answered, Plaintiff spoke to Defendant's employees who tried to sell their insurance products and/or services to her. Plaintiff informed the callers that she was not interested in purchasing an insurance plan from the Defendant.

23. Despite the Plaintiff expressing her disinterest in Defendant's insurance products and/or services, Plaintiff continued to receive a series of calls from or on behalf of the Defendant. Hoping to get the calls to stop, Plaintiff answered some more calls from the Defendant and firmly instructed Defendant's employees not to call her again, and that she had already asked them several times to stop calling her phone. In response to Plaintiff's stop request, the Defendant's employees who called the Plaintiff simply hung up the call, without even acknowledging her stop request.

24. On December 20, 2021, Plaintiff multiple calls from the Defendant using the phone number 210-571-7030 to her cell phone. Annoyed by the unwanted calls, Plaintiff answered a call,

and spoke to an agent who was soliciting Defendant's insurance products and/or services to her, and asked the Defendant's employee to put her cellphone number on their do not call list.



25.     Plaintiff Tipton continues to receive unwanted solicitation calls to her cell phone from the Defendant even after making multiple stop requests to the Defendant and despite having her cell phone number registered on the National Do Not Call Registry. Plaintiff received multiple calls from the Defendant using the same phone number 210-571-7030, including calls on:

- December 21, 2021 – two calls,
- December 22, 2021 – two calls,
- December 23, 2021 – three calls,
- December 27, 2021 – two calls,

5

- December 28, 2021 – one call,
- December 29, 2021 – two calls,
- December 30, 2021, at 10:55 AM,
- January 3, 2021, at 3:16 PM,
- January 4, 2022, at 11:31 AM,
- January 5, 2022, at 9:58 AM,
- January 6, 2022, at 2:14 PM,
- January 11, 2022, at 1:40 PM,
- January 12, 2022, at 10:53 AM,
- January 13, 2022, at 10:31 AM,
- January 14, 2022, at 12:47 PM,
- January 28, 2022, at 1:49 PM,
- March 7, 2022, at 12:58 PM,
- March 10, 2022, at 9:57 PM,
- March 14, 2022, at 11:53 AM.

 

26. The phone number 210-571-7030 is owned and used by agent Jay Franklin, who owns and controls Defendant Franklin Insurance:



[4]

---

[4] https://www.bbb.org/us/tx/san-antonio/profile/insurance-agent/jay-franklin-allstate-insurance-0654-1000019294

7



27. Plaintiff does not have a relationship with Franklin Insurance, has not inquired about its products, and has not otherwise consented for it to call her.

28. The unauthorized solicitation telephone calls that Plaintiff Tipton received from Defendant Franklin Insurance have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

29. Seeking redress for these injuries, Plaintiff Tipton, on behalf of herself and Classes of similarly situated individuals, bring suit under the TCPA.

## CLASS ALLEGATIONS

30. Plaintiff Tipton brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent calling on behalf of Defendant, called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.
>
> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant or its agent called more

---

[5] https://agents.allstate.com/jay-franklin-san-antonio-tx.html

than one time (2) within any 12-month period (3) for substantially the same reason Defendant, (4) including at least once after the person requested that Defendant stop calling.

31. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

32. **Typicality and Numerosity**: Plaintiff is a member of the Classes, and on information and belief, there are hundreds, if not thousands of members of the Classes, all of which received calls from Defendant as part of a single telemarketing campaign, and joinder of all members is impracticable.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether the calls violated the TCPA;

(b) whether the Defendant or an agent calling on behalf of Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days at the time of each call;

    (c)    whether the Defendant or an agent calling on behalf of Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

    (d)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither the Plaintiff nor her counsel have any interest adverse to the Classes.

35. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to the Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Tipton and the Do Not Call Registry Class)**

36. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

37. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

38. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

39. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Tipton and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

40. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Tipton and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

41. As a result of Defendant's conduct as alleged herein, Plaintiff Tipton and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are

entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

42. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Tipton and the Internal Do Not Call Class)**

43. Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint and incorporates them by reference herein.

44. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf

the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

45. Defendant, or an agent calling on behalf of Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant or its agent to initiate telemarketing calls.

46. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

47. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each

entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tipton individually and on behalf of the Classes, prays for the following relief:

a. An Order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Tipton as the representative of the Classes; and appointing her attorneys as Class Counsel;

b. An award of damages and costs;

c. An Order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Tipton requests a jury trial.

DATED this 2nd day of June, 2022.

        **JATIVA MICHELLE TIPTON**, individually and on behalf of all others similarly situated,

        /s/ *Robert A. McLauchlan, III*
        Robert A. McLauchlan, III
        The Law Office of Robert A. McLauchlan
        1409 Harborside Dr
        Galveston, TX 77550
        (512) 339-4100
        Email: rmclauchlan@ipcounseling.com

        Avi R. Kaufman
        kaufman@kaufmanpa.com
        KAUFMAN P.A.

237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*